## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**LAWRENCE EDWARD MARTIN**                          **PETITIONER**
*ADC #106491*

**v.**                          **CASE NO. 4:22-cv-00241-DPM-JTK**

**DEXTER PAYNE, Director,**                          **RESPONDENT**
*Arkansas Department of Correction*


## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
## INSTRUCTIONS

The following recommended disposition has been sent to United

States District Court Chief Judge Marshall. Any party may serve and

file written objections to this recommendation. Objections should be

specific and should include the factual or legal basis for the objection.

If the objection is to a factual finding, specifically identify that finding

and the evidence that supports your objection. An original and one

copy of your objections must be received in the office of the United

States District Clerk no later than fourteen (14) days from the date of

the findings and recommendations. The copy will be furnished to the

opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

3

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A 149
Little Rock, AR 72201-3325

## Introduction

Petitioner Lawrence Martin, an inmate in the Arkansas Department of Correction, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254 on March 14, 2022. (Doc. No. 2) In his petition, Mr. Martin challenges his June, 1995 conviction by a Pulaski County, Arkansas jury of capital murder and his sentence of life imprisonment without the possibility of parole. His conviction and sentence were affirmed in a direct appeal to the Arkansas Supreme Court. *Martin v. State*, 328 Ark. 420 (1997).

## Background

In the pending petition, Mr. Martin raises the following grounds for relief: violation of *Brady v. Maryland*; ineffective assistance of

4

counsel; and the improper exclusion of African-Americans from the jury.

This Court lacks jurisdiction to consider the merits of Mr. Martin's petition because he has already challenged his conviction through several earlier federal habeas petitions. Mr. Martin first petitioned for habeas relief in September of 2001, raising ten claims of ineffective assistance of trial and appellate counsel. *Martin v. Norris*, No. 5:01- CV-331-SMR-JFF (Doc. No. 2). The claims were determined to be procedurally defaulted, and the petition was dismissed in November of 2003. (Doc. Nos. 21, 23, 24) Both the district court and the Eighth Circuit Court of Appeals denied Mr. Martin a certificate of appealability. (Doc. No. 29); *Martin v. Norris*, No. 04-1023 (8th Cir. March 17, 2004). Mr. Martin unsuccessfully petitioned for rehearing before the Eighth Circuit (*Id.* (8th Cir. April 29, 2004)), and for a writ of certiorari from the United States Supreme Court. *Martin v.*

*Norris*, 543 U.S. 843 (2004).

Mr. Martin filed a second petition for habeas relief in January of 2010. In that petition, Mr. Martin alleged that the trial judge refused to correct a perjured statement; violated his rights under the Confrontation Clause; allowed contaminated evidence from the crime scene to be introduced at trial; incorrectly instructed the jury; and impermissibly allowed the prosecuting attorney to exclude African-Americans from the jury. *Martin v. Norris*, 5:10-CV-16-JMM-BD (Doc. No. 2). Respondent moved to dismiss the petition arguing that, absent permission to file a successive habeas petition, the district court lacked jurisdiction. (Doc. No. 9) This Court agreed and dismissed the petition. (Doc. Nos. 14, 15) Thereafter, the Eighth Circuit denied Mr. Martin's request for authorization to file a successive habeas petition. *Martin v. Hobbs*, No. 10-1888 (8th Cir. Aug. 3, 2010).

In June of 2014, Mr. Martin again petitioned the Eighth Circuit for permission to file a successive habeas petition. *Martin v. Hobbs*, No. 14-2434 (8th Cir. June 30, 2014). His petition was denied. *Id.* (8th Cir. Nov. 26, 2014). Mr. Martin petitioned for rehearing, but the petition was denied as untimely filed. *Id.* (8th Cir. March 16, 2015).

In May of 2018, Mr. Martin filed a third petition for habeas relief. In that petition, Mr. Martin alleged that: African-Americans were improperly excluded from the jury; the judge incorrectly instructed the jury on the elements of the crimes charged; his arrest warrant was based on a falsified affidavit; his appellate counsel was ineffective; and an inaccurately transcribed videotaped deposition was improperly allowed into the record. *Martin v. Kelley*, 5:18-cv-00112-DPM (Doc. No. 2). Mr. Martin's petition was again dismissed for failure to obtain permission from the Eighth Circuit to file a successive petition. (Doc. Nos. 3, 5, 6).

7

## Discussion

Mr. Martin's current habeas petition – his fourth – must also be dismissed because he has not obtained permission from the Eighth Circuit to pursue a successive petition. Before Mr. Martin can be eligible to file another federal habeas corpus petition, he must seek and receive an order from the Court of Appeals for the Eighth Circuit authorizing this Court to consider a successive the petition. 28 U.S.C. § 2244(b)(3)(A). Without an order from the court of appeals, the district court lacks jurisdiction to hear the petition. Burton v. Stewart, 549 U.S. 147, 152-53, 157 (2007).[1]

Summary dismissal of a habeas corpus petition – prior to any answer or other pleading being filed by the respondent – is appropriate where, as here, the petition itself and court records show that the petition is a second or successive petition filed without authorization

---

[1] The court of appeals can authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements. See 28 U.S.C. § 2244(b)(2).

from the court of appeals. *See* Rule 4, Rules Governing Habeas Corpus Cases. The pending petition is clearly successive.

## Conclusion

The Court recommends that Judge Marshall **DENY** and **DISMISS**, without prejudice, Lawrence Martin's petition for writ of habeas corpus (Doc. No. 2) for lack of jurisdiction, and that he **DENY** Mr. Martin's pending motions: Motion to proceed in forma pauperis (Doc. No. 1); Motion for Illegally Perjured Evidence to be Suppressed (Doc. No. 3); and Motion for Release of Conviction (Doc. No. 4) as **moot**. Furthermore, Judge Marshall should deny a certificate of appealability.

**SO ORDERED** this 16th day of March, 2022.

_____
UNITED STATES MAGISTRATE JUDGE